UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! and
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT FUND, UNITE
HERE!,
                                      Petitioners,

                -v.-

MULTI-PAK CORPORATION,
                                      Respondent.

**AFFIDAVIT IN SUPPORT OF AWARD OF INTEREST AND COSTS**

08 Civ. 4426 (DC)

STATE OF NEW YORK    )
                               ) ss.
COUNTY OF NEW YORK  )

      **David C. Sapp, Esq.**, being duly sworn, deposes and says as follows:

      1.    I am Counsel to petitioners Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! And Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners"). I am fully familiar with the facts and circumstances underlying this proceeding and the prior proceedings had in this matter.

      2.    I submit this Affidavit in support of Petitioners' request for interest and costs, in connection with their application for entry of default judgment.

      3.    In cases to enforce Section 515 of the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1145, such as the instant action, the Court is required by 29 U.S.C. §1132(g)(2) of ERISA to award to the prevailing plan the following:

           (A)    the unpaid contributions,
           (B)    interest on the unpaid contributions,
           (C)    an amount equal to the greater of --
                  (i) interest on the unpaid contributions, or
                  (ii) liquidated damages provided for under the Plan. . .
           (D)    reasonable attorney's fees and costs of the action, to be
                  paid by the respondent, and
           (E)    such other legal or equitable relief as the court deems
                  appropriate. For purposes of this paragraph, interest
                  on unpaid contributions shall be determined by using
                  the rate provided under the Plan…

      4.    Annexed hereto as Exhibit A is a copy of the applicable Plan Rules of the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE!. The

Plan Rules provide for an interest rate on unpaid contributions of 18%. When calculating interest on a monthly basis, the 18% interest rate is divided by twelve, thereby resulting in a monthly interest rate of 1.50%

5. The amount of interest on the Respondent's outstanding contributions has been calculated by the Petitioners from March 11, 2008 through and including August 8, 2008 by multiplying $2,138.27, the principal amount of contributions due under the Arbitration Award, times 1.50% per month for the six months of March 2008 through and including August 2008 during which such contributions were not paid, for total interest due in the amount of $192.42. Based upon the foregoing calculations, Petitioners seek a judgment which includes an award of $192.42 in interest.

6. Petitioners have incurred costs in the amount of $350.00 for the statutory filing fee in this proceeding. ERISA Section 1132(g)(2) mandates that such costs are recoverable in ERISA cases such as the instant proceeding. As such, Petitioners seek a judgment including an award of $350.00 as costs.

**WHEREFORE,** Petitioners respectfully request that the Court enter a judgment including interest in the amount of $192.42 and costs of $350.00.

David C. Sapp, Esq. – (DS 5781)

Sworn to, before me, this
7th day of August 2008.

_Michele Reid_
Notary Public

MICHELE REID
Notary Public, State of New York
No. 01RE6159608
Qualified in Kings County
Commission Expires 01/22/2011

**EXHIBIT A**

## PLAN RULES WITH RESPECT TO THE COLLECTION
## OF DELINQUENT CONTRIBUTIONS

1. Contributions are due and owing to the Fund on a weekly basis and must be received by the fund no later than four weeks from the end of each work period for those employers who pay their employees on a weekly basis. For employers who pay their employees on a biweekly basis contributions must be received by the Fund no later than three weeks from the end of each work week period.

2. When an employer's weekly contribution is not received when due a notice of delinquency is sent to the employer. (Delinquency notice #1)

3. If after 10 business days an employer has not cured its delinquency a second notice of delinquency is sent to the employer. (Delinquency notice #2)

4. When an employer is delinquent three weeks beyond the grace period (seven weeks delinquent for employers who pay their employees on a weekly basis and six weeks delinquent for employers who pay their employees on a biweekly basis) the Fund shall serve a notice of intent to arbitrate against the employer, or initiate litigation in federal or state court.

5. The Trustees shall have the authority to suspend the payment of health and welfare benefits to the employees of any employer who is deemed delinquent in accordance with these rules.

6. Pursuant to the Employee Retirement Income Security Acct of 1974 as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), the Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in additions to said delinquent contributions and/or audit deficiencies.

    a) Interest at the rate of 18% on all sums due

    b) Liquidated damages equal to 20% of the delinquent contributions

    c) Attorney's fees, audit fees and costs of the proceeding.

    d) Such other legal and equitable relief as deemed appropriate.

Interest shall accrue from the date upon which the obligation first became delinquent.